**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DEMONTE LAMONZ OUSLEY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) Case No. 09-CV-0484-CVE-FHM |
| | ) |
| **JOE TAYLOR, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 6). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 8) to the motion to dismiss. Respondent seeks dismissal of this action under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

*BACKGROUND*

Petitioner challenges his convictions entered in Tulsa County District Court, Case Nos. CF-93-3189, CF-94-2601, CF-94-2602, CF-94-2608, CF-95-1888, and CF-95-3242. See Dkt. # 7, Ex. 1. The docket sheets provided by Respondent reflect that on April 9, 1996, the state district court found Petitioner guilty after accepting his pleas of *nolo contendere* to criminal charges filed in those cases and sentenced Petitioner to forty-five (45) years imprisonment on each of the charges. Id. Petitioner did not file a timely motion to withdraw plea. See id. However, by order filed December 31, 1997, in Case No. PC-97-944, the Oklahoma Court of Criminal Appeals ("OCCA") granted

Petitioner an appeal out of time. See Dkt. # 7, Ex. 2. The OCCA's order specifically provided that "[t]rial counsel should be notified to file an application to withdraw *nolo contendere* plea, and a request for evidentiary hearing pursuant to Rule 4.2, within ten (10) days of this order granting a certiorari appeal out of time." Id. No motion to withdraw *nolo contendere* pleas was ever filed.

Petitioner took no action in state court until October 13, 2008, when he filed an application for post-conviction relief in Tulsa County District Court. See Dkt. # 7, Ex. 1. By Order filed January 12, 2009, the state district court denied the requested relief. Petitioner appealed. See Dkt. # 7, Ex. 3. By order filed April 9, 2009, in Case No. PC-2009-117, the OCCA affirmed the denial of Petitioner's second application for post-conviction relief. See Dkt. # 7, Ex. 4.

Petitioner commenced this habeas corpus action on July 27, 2009. See Dkt. # 1. In his petition, Petitioner identifies one (1) ground for relief: that he was denied a direct appeal when the trial court failed to notify his counsel that Petitioner had been granted an appeal out of time. In response to the petition, Respondent asserts that this action is time-barred. See Dkt. # 6.

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his *nolo contendere* pleas after being granted a *certiorari* appeal out of time, his convictions became final, pursuant to § 2244(d)(1)(A), ten (10) days after entry of the OCCA's order dated December 31, 1997, or on January 12, 1998.[1] Cf. Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty or *nolo contendere*); see also Orange v. Calbone, 318 F.3d 1167, 1169-73 (10th Cir. 2003) (finding that when an Oklahoma defendant is granted a direct appeal out of time, he is essentially placed in the same procedural posture as if he had timely pursued a direct appeal). As a result, Petitioner's one-year limitations clock for any claim challenging his convictions began to run on January 12, 1998.

---

[1] The tenth day after entry of the OCCA's order was Saturday, January 10, 1998. As a result, Petitioner had until the next business day, Monday, January 12, 1998, to file a motion to withdraw his pleas of *nolo contendere*.

3

Absent a tolling event, a federal petition for writ of habeas corpus filed after January 12, 1999, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek any post-conviction relief during the relevant period. Petitioner's second application for post-conviction relief, filed October 13, 2008, does not serve to toll the one-year limitations period because it was filed long after the limitations period had already expired. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Therefore, this action, commenced on July 27, 2009, appears to be untimely.

The Court recognizes that Petitioner's habeas claim is based on the failure to file a motion to withdraw pleas after the OCCA granted a *certiorari* appeal out of time. To the extent the one-year limitations period for the claim identified in the petition began to run under 28 U.S.C. § 2244(d)(1)(D), the Court finds the claim is time-barred. Under that subsection, the one-year period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner waited more than ten (10) years to inquire about the status of his appeal. See Dkt. # 2, Exs. A, 1, 3. Once he inquired, he was promptly informed that no motion to withdraw pleas had been filed. Petitioner could have discovered through the exercise of due diligence that no motion had been filed

in January 1998. Waiting until September 2008 to make inquiries does not constitute due diligence. Petitioner's claim is time-barred unless he demonstrates entitlement to equitable tolling.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

In response to the motion to dismiss, Petitioner complains that the state trial court and district attorney's office were responsible for insuring that his appeal out of time was perfected and further states that "he thought that the case had been filed and dismissed back in 1998 because nothing was said." See Dkt. # 8. Petitioner offers no explanation for his failure to follow up on the status of his case until ten (10) years later when he filed a second application for post-conviction relief. Upon review of the record and Petitioner's arguments, the Court finds that Petitioner has not demonstrated that he pursued his federal claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Petitioner simply allowed too much time to pass and his arguments are insufficient to demonstrate entitlement to equitable tolling. Miller, 141 F.3d at 978.

5

The Court concludes that this action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 6) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.
3. A separate Judgment shall be entered in this case.

**DATED** this 17th day of December, 2009.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT